**TROUT, Plaintiff, v. TROUT et, Defendants.**

Common Pleas Court, Muskingum County.

No. 39899. Decided February 16, 1956.

Victor F. Schmidt, Columbus, for plaintiff.
Jay B. Zellar, Donald P. Jones, Zanesville, for defendants.

## OPINION

By CROSSLAND, J:—

The only determination legally authorized in a habeas corpus proceeding directly between parents concerns illegal restraint of liberty, which in turn depends upon evidence of a superior right to the children on the part of the other spouse, this Court not having jurisdiction over the matter of legal custody in any such case except as incidental to a divorce or alimony action. (In Re Corey, 145 Oh St 413; §3105.21 R. C.)

Analogous to considerations concerning custody, when husband and wife are living separate and apart from each other they stand upon an equality regarding possession of their children, as far as parenthood is concerned, the Court taking into account from evidence in a hearing that which would be for the children's best interest, in deciding between the parents. (Sec. 3109.03-4 R. C.)

In so far as this Court may be authorized to act at all in this particular proceeding, as well as generally in all other cases properly before

it, this Court is not disposed to separate children of the same parents from each other.

"When the circumstances of a case will permit such a course, the courts will decline to allow the children to be separated from one another, particularly when they are of tender age or of about the same ages." (Nelson on "Divorce," Vol. 2, page 194, Sec. 15.18.)

The fact that the father, defendant Edgar Dwight Trout, presently separately possesses his two small sons, and has since July 9, 1955, while creating no presumption favorable thereto, does require from the mother, plaintiff Phyllis M. Trout, evidence of a superior right on her part to them, determinable on the basis of consideration of said sons' own best interest.

Each parent is a fit and suitable person to rear their two children, equally sincere in their respective religious beliefs, genuinely actuated by honest conviction in behalf of the proper rearing of their two young sons, concerning which the Court is not called upon to make any finding or determination whatever, excepting only to recognize the fact that the wife's persistent interest and activity as a Jehovah Witness directly occasioned her husband's separation from her and thereby accounts for the absence from her of these two young sons.

The initiation by one parent of differences between them, creating disagreement occasioning separation, regardless of the nature or quality of the unilateral action taken, imposes a corresponding responsibility, at the very outset, of first seeking to ascertain that any such unilateral action does not provoke or arouse disharmony in the home or threaten to disrupt the marriage, despite one's own personal opinion, individual persuasion or self-justification.

While there are disadvantages and handicaps to the rearing of small children by either parent alone, which should always be the primary concern of the parents themselves, the Court finds and considers, upon the facts and circumstances of this particular case, that there is greater assured necessary future care for the two children in their present home during times of their father's employment than is assuredly available for them in a home with their mother during her work absences.

The Court also considers that a father's discipline and direction, as well as masculine companionship for his young sons over the years ahead, is exceedingly important to their assured well-being, which should also be the recognized concern of the boys' mother, which she herself can neither supply nor assure.

The Court concludes that the best interest of each of these two small boys is to be and remain in the home of their father, subject to reasonable visitation by and with their mother, and plaintiff is denied a writ of habeas corpus, at her costs, the Court invoking, under the facts of this case, the following rule of law:

"Since the father is the natural guardian, is entitled to the custody and services, and is responsible for the tutelage, discipline and support of the child, the domicil of the father is in legal contemplation the domicil of his minor children." (17 Am. Jur. 625, Sec. 57.)

Exceptions to plaintiff.